UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PNC BANK, NATIONAL ASSOCIATION                                          PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:13CV-297-S

SEMINARY WOODS, LLC, et al.                                            DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Larry Benz, Patricia Benz, Albert Fiorini, and Patricia Fiorini (collectively herein "Benz/Fiorini"), for dismissal of the cross-claim filed against them by Seminary Woods, LLC; Norman E. Risen; Anna J. Risen; Marc H. Risen; Linda Risen; C. Ronald Wise and Jennifer S. Wise (collectively herein "cross-claimants")(DNs 88; 96),[1] and the motion of the cross-claimants to amend their cross-claim (DN 91).

These motions arise in the context of this foreclosure action filed by PNC Bank National Association ("the Bank") on certain mortgaged property known as the Seminary Woods condominium project. The following background facts are alleged in the Complaint.

The condominium is located at 6600 Seminary Woods Place in Jefferson County, Kentucky. The project was intended to contain a total of sixty-three condominiums and five garage units. As of the time of the filing of the complaint, nineteen condominium units and five garage units had allegedly been developed with forty-four additional units still to be constructed. Of the nineteen

---

[1] There are two motions to dismiss (DNs 88 and 96). They seek to dismiss the cross-claim filed as DNs 80 and 84. The cross-claim appearing in DNs 80 and 84 appears to be identical, but out an abundance of caution, Benz/Fiorini filed motions to dismiss both 80 and 84. As the motions are identical, the court will refer to the motions collectively as "the motion to dismiss."

constructed units, fourteen had been sold to third-parties and five units and five garage units were owned by the entity Seminary Woods, LLC.

On April 19, 2006, Seminary Woods LLC executed a promissory note for the principal sum of $29,220,000.00 which was secured by a mortgage, security agreement, fixture financing statement, and assignment of rents and leases. Certain individuals, including the above-named parties, executed personal guaranty agreements with the Bank. Seminary Woods, LLC and various guarantors have filed counter- and cross-claims in the suit.

Presently before the court is a motion to dismiss the cross-claim filed against Benz/Fiorini by the above-named cross-claimants. Also before the court is a motion by these cross-claimants to amend their cross-claim.

The proposed Amended Cross-Claim attempts to (1) clarify their breach of fiduciary duty and purported breach of contract claims; (2) add a claim for indemnity from co-guarantors Benz/Fiorini; and (3) obtain a declaratory judgment that the arbitration clause in the Seminary Woods, LLC Operating Agreement is valid and enforceable.

Leave to amend should be freely granted when justice so requires. As noted in *Webb v. Republic Bank & Trust Co.,* No. 3:11-CV-423-R, 2012 WL 2254205 (W.D.Ky. June 15, 2012):

> Plaintiff may only amend the complaint with "the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) directs that the "court should freely give leave when justice so requires." *Id.* This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003).

The motion for leave to amend will be denied as the Proposed Amended Cross-Claim fails to state claims upon which relief can be granted, and therefore amendment would be futile.

The court concludes that the motion to dismiss the Cross-Claim is well-taken, and the proposed amended version of the Cross-Claim does not cure the deficiencies.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

The Cross-Claim alleged breach of fiduciary duty in a claim wholly unbounded in time, place and manner. In the current version of the fiduciary duty claim, for example, they allege that

> The Managers and Members have fiduciary duties to Seminary Woods including duties to approve annual budgets, answer capital calls, and make loans when required...The Benz and Fiorini Defendants have breached their fiduciary duties...

DN 80, p. 6.

The amended version reads:

> Laurence Benz and Albert Fiorini[2] have breached their fiduciary duties by, among other things, not attending meetings, not approving expenses and costs that make up

---

[2] The cross-claimants apparently determined that Patricia Benz and Patricia Fiorini should not have been named in this claim.

> the company's budgets, not making payments as required, not answering capital calls and/or loans in such amounts as may be approved by majority vote, not keeping the confidences of the Company...

DN 91-1, ¶ 21.

Neither version contains any facts specific to the Seminary Woods operations.

The Amended Cross-Claim purportedly seeks to specify that it also alleges breach of contract. The original Cross-Claim does not mention breach of contract, and clearly does not recite facts to support such a claim. The proposed amended version states in Count I that Laurence Benz and Albert Fiorini are bound by the Seminary Woods Operating Agreement and that

> Laurence Benz and Albert Fiorini have breached the Operating Agreement by, among other things, not attending meetings, not approving expenses and costs that make up the company's budgets, not making payments as required, not answering capital calls and/or loans in such amounts as may be approved by majority vote, not keeping the confidences of the Company...

DN 91-1, ¶ 14.

As with the fiduciary duty claim, neither version of the Cross-Claim contains any facts to support a breach of contract claim, as the claims speak in generalities, rather than specifics. Not a single date, name, or event is identified in the Cross-Claim. The fiduciary duty and breach of contract claims fail to contain sufficient factual allegations to raise them from possibility to plausibility under *Iqbal*.

Proposed Counts III (Indemnity) and Count IV (Declaratory Judgment) seek certain relief but do not suggest how that relief is warranted under the facts of the case. The Indemnity claim simply states that if the Cross-Claimants are held liable, they will look to Benz/Fiorini for indemnity. They do not state on what basis they would be entitled to such relief. The claim for Declaratory Judgment recites a provision in the Operating Agreement which provides for arbitration of disputes

among the parties, but the claim does not identify what parties or what disputes they would seek to submit to arbitration.

For these reasons, the motion to dismiss the Cross-Claim (DNs 88 and 96) will be granted and the motion for leave to amend the Cross-Claim (DN 91) will be denied. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

March 31, 2014

                                         **Charles R. Simpson III, Senior Judge**
                                          **United States District Court**