UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PNC BANK, NATIONAL ASSOCIATION                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:13CV297-S

SEMINARY WOODS, LLC, et al.                                               DEFENDANTS

# MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, PNC Bank, National Association ("PNC"), for appointment of NTS Development Company as receiver to conduct the necessary and proper day-to-day business operations, functions, and affairs of Defendants Seminary Woods, LLC and Seminary Woods Condominiums Council of Co-Owners, Inc. (DN 22, as supplemented) and to set a hearing on PNC's motion for appointment of a receiver(DN 133) in this forfeiture action. A hearing is unnecessary on the motion for appointment of a receiver, as the need for such appointment is clear. The appointment of a receiver is within the sound discretion of this court. *Liberte Capital Group, LLC v. Capwell*, 462 F.3d 543, 551 (6th Cir. 2006):

> A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary.

Despite Seminary Woods'[1] vehement opposition that it be left to manage the project on its own, it has done nothing over these past months to improve its case for avoidance of the appointment of a receiver. PNC has sought less talk and more action, but has received nothing to assuage its ever-growing concerns over the state of the project. The business-savvy developer and manager has failed to provide evidence that significant repair issues have been addressed. It is not disputed that taxes were delinquent and vendor bills went unpaid. For these reasons, the motion for a hearing will be denied and the motion for appointment of a receiver will be granted.

In April, 2006, PNC entered into a Construction Loan Agreement with defendant Seminary Woods, LLC, and various individuals who are personal guarantors of the loan. The loan financed the development and construction of Seminary Woods Condominiums located at Brownsboro Road and Seminary Drive in Louisville, Kentucky (referenced herein as "the Project"). PNC holds a Promissory Note from Seminary Woods which has allegedly been defaulted in the approximate amount of $19,250,000.00 plus interest. PNC also holds (1) a first Mortgage, (2) Security Agreement, (3) Fixture Financing Statement, and (4) Assignment of Rents executed by Seminary Woods to secure the obligations under the Loan Agreement and Note. Various amendments to these documents were executed and recorded as units were developed and sold.

PNC alleges that the Note matured on September 30, 2011 with the balance remaining unpaid, constituting an "Event of Default" under the terms of the Mortgage. PNC also alleges that prior to the maturity date, Seminary Woods failed to make required principal curtailment payments, also constituting default under the Loan Agreement and Note.

---

[1] The objections to the appointment of a receiver have been filed by Seminary Woods, LLC, Norman Risen, Anna Risen, Kent Risen, Marc Risen, Linda Risen, Ronald and Jennifer Wise (who have been dismissed from the case), Seminary Woods Condominium Council of Co-Owners, Inc., Thomas Richards, Carol Richards, Paul Elliot Merenbloom, Carmine Scalzitti, Curtis Royce, Joyce Royce, and Whittington Realty Partners, LLC who will be referred to herein collectively as "Seminary Woods."

Pursuant to Article II, sec. 2.2(d) of the Mortgage, PNC has the right to seek appointment of a receiver upon an Event of Default. The Assignment of Rents Article VI, sec. 6.1 also provides for the appointment of a receiver to collect rents and pay operating expenses upon an Event of Default. Seminary Woods apparently does not contest that the Note matured on September 30, 2011 and remains unpaid. Rather, it contends that PNC made promises to assist with financing of condominium sales which it allegedly has not done.

In support of its motion for appointment of a receiver,[2] PNC has established that Seminary Woods has failed to pay *ad valorem* taxes on the property and that PNC paid taxes and penalties in 2013 and again in 2014. In 2013, the taxes were not paid by Seminary Woods when due by December 31, 2012.[3] To accomplish the payment of the taxes and penalties, and to avoid the accrual of further penalties beginning on February 1, 2013, PNC consented to the payment of the taxes and January penalties from sums due to PNC on the sale of Unit 603. DN 22-2. PNC has also established that it paid $145,726.47 in taxes and penalties on January 31, 2014 to avoid the imposition of additional penalties on February 1, 2014 for unpaid 2013 taxes and penalties.

Additionally, PNC has provided documentation which identified major structural problems with the balconies installed on the project. Repair of the defects was estimated to cost $905,000.00. There has been no evidence offered that the structural problem has been remedied or otherwise adequately addressed.

---

[2] This motion has, in fact consisted of an original motion and a series of supplemental pleadings providing the court notice as to the continuing basis for its request for receiver appointment. With the filing of each supplement has come a new, equally unsuccessful response from Seminary Woods. We evaluate the need for appointment of a receiver based upon the most current and complete information we have concerning the status of the property and its management.

[3] PNC further contends that in keeping with sound business practices, Seminary Woods would have paid the taxes in time to take advantage of the discount rate. Apparently, PNC was unable to ascertain that the sums necessary for the payment of real estate taxes was being escrowed, as required.

Seminary Woods Condominium Council of Co-Owners, Inc ("SWCCC"). was incorporated for the purpose of ultimately managing the project. The Council was formed in 2005, but was administratively dissolved by the Kentucky Secretary of State on January 10, 2012. DN 22-12. In May of 2013, Norman E. Risen filed an affidavit in support of Seminary Woods' opposition to the motion for appointment of a receiver indicating that he is a member of Whittington Realty Partners, LLC, the majority owner of Seminary Woods, LLC, the developer and manager of the project. DN 63-2, ¶¶ 1, 2. He stated that he has "considerable business experience," having worked in the insurance business for more than fifty years, and, to the extent there is any diminution in value in the project, it is not the result of "management practices." 63-2, ¶¶ 2, 5. He stated that currently, ten families reside on the premises, and that Seminary Woods keeps up the grounds, maintains the property, and provides services . DN 63-2, ¶ 3. He stated that he has not taken funds from the project, but rather has injected additional personal funds. DN 63-2, ¶ 9. He stated that Seminary Woods has been ready to close on any unit and has never obstructed a closing. DN 63-2, ¶ 10. He also stated that "for the past three years, Seminary Woods identified and diligently investigated a condition of the balconies and has recently worked out a solution that is payable by insurance and that will bring the balconies to a first-rate condition that will match the rest of the building at no cost to the unit owners or the Plaintiff." DN 63-2, ¶ 6.

A motion for an order compelling Seminary Woods to permit it access to the property was necessitated by Seminary Woods' lack of response to PNC's requests for access to the property. In response to the motion to compel, Seminary Woods indicated that it did not object to PNC's entry onto the land, provided that the order contained certain of its own "reasonable conditions." Rather

than provide the unfettered access at PNC's request which is required by the terms of the Mortgage, Section 1.10, Seminary Woods' response essentially continued its effective denial of that access.

PNC required an updated appraisal in 2013, but one was not provided. PNC required proof of insurance, after being notified in September 2013 that the insurance on the project would lapse on January 10, 2014, which proof was not provided.

PNC permitted the 2012 real estate taxes and penalties and certain past due vendor payables to be paid out of the proceeds of the sale of a unit (Unit #603) rather than to PNC on Seminary Woods' outstanding obligation. Seminary Woods apparently, unauthorized, paid a portion of its monthly expenses out of those proceeds.

Seminary Woods' statements addressing the grounds for appointment of a receiver are completely non-responsive. In its most recent responses to PNC's still unaddressed and unabated concerns, Seminary Woods stated as follows:

1. "[T]he [2013] taxes are not delinquent, and will not be such until after April 15, 2014." DN 124, filed January 17, 2014.

Seminary Woods did not state that it had escrowed the necessary sums to pay the taxes, it did not pay the taxes by December 31, 2013, and did not state that it intended to pay the taxes and penalties by January 31, 2014. It did not pay the taxes and penalties by January 31, 2014. To date it has not reimbursed nor offered to reimburse PNC for the payment made on January 31, 2014.

2. "Since the last filing, PNC has not requested a status or update concerning the balcony work." DN 124.

Seminary Woods has not filed any documentation concerning any work done to repair the balconies. The point simply remains unaddressed. PNC's motion for an order compelling entry

onto the property was necessitated by Seminary Woods' non-responsiveness to the initial requests. Even its response to the motion to compel was conditional. Norman Risen continues to claim that the property is well-managed and maintained. However, this statement is non-responsive to the issue.

3. "Seminary Woods has supported, and continues to support the project through member contributions." DN 141, filed March 6, 2014. The taxes have gone unpaid by Seminary Woods for two years. The $905,000.00 worth of repairs remain unmade, as far as PNC and this court have been informed. The Council has been dissolved. In 2013, various past-due vendor bills and 2012 taxes were paid out of the proceeds of a unit sale, as Seminary Woods was apparently not taking care of these matters otherwise. The one matter that was apparently resolved to the satisfaction of PNC was the matter of the impending lapse of insurance coverage. Seminary Woods provided a certificate of liability insurance with its March 6, 2014 response to PNC's motion for a hearing. DN 141-1.

Despite various arguments that it was coerced into signing, Seminary Woods' obligation on the note remains unpaid. PNC has the power to ensure that the property's value is maintained and that the project is properly managed. Seminary Woods, in the person of Norman Risen as manager, or otherwise, has failed to satisfy the concerns regarding diminishment of the property's value.

Further, the truth of Seminary Woods' statement that it remains ready and willing to close on any unit contract was belied by the cancellation of the closing permitted by PNC on Unit #404 scheduled for March 21, 2014, wherein PNC was advised that the sale was "not closing tomorrow. There [was] an issue with one of the partners on the selling side." DN 146, Ex. D. PNC has indicated that Seminary Woods has not disclosed the reason for the cancelled closing. In its articulation of the need for the appointment of a receiver, PNC suggests that evidence of the

financial uncertainty of the project warrants the intervention of a receiver to preserve the property, citing, among other cases, *Brill & Harrington Investment v. Vernon Savings and Loan Assoc.,* 787 F. Supp. 250, 253-54 (D.D.C. 1992)(two factors to consider include (1) whether the property securing the debt is sufficient to satisfy the same, and (2) whether the financial condition of the debtor is stable or precarious). The amount in principal owed on the note well exceeds the most recent appraisal of the property in 2012 of $11.5 million. PNC has credibly argued that Seminary Woods' financial situation appears precarious and uncertain going forward.

For these reasons, the court determines, in its discretion, that the appointment of a receiver is warranted to insure proper management and preservation of the property pending the outcome of this action. The court will therefore grant the motion by separate order, appointing NTS Development Company to act as receiver in this matter.[4]

**IT IS SO ORDERED.**

March 31, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[4] The court rejects Seminary Woods' objection to the appointment of NTS as receiver as unfounded on the record before the court. The court will require a bond, as is customary.