UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PNC BANK, NATIONAL ASSOCIATION                                      PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:13-CV-297-CRS

SEMINARY WOODS, LLC, et al.                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of defendants Thomas R. Richards, Carol L. Richards, Paul Elliott Merembloom, Carmine Scalzitti, Curtis L. Royce, and Joyce Y. Royce (herein referred to as the "contract holders") for leave to file a supplemental response in opposition to the motion of plaintiff PNC Bank, National Association for partial summary judgment (DN 280), and on motion of PNC Bank, National Association for partial summary judgment against defendant contract holders[1] (DN 253).

Despite the elevation of the "supplemental brief" and "sur-reply" to a veritable art form in this litigation, despite the lack of any civil rule recognizing the legitimacy of either, the court will permit the filing of the supplemental brief by the contract holders in order for this court to be assured that it has heard and considered all arguments by all comers.

The contract holders have counterclaimed against PNC seeking the imposition of an equitable lien to the extent of the deposits made pursuant to their purchase contracts for condominiums. They rely upon the case of *Tile House, Inc. v. Cumberland Federal Savings Bank*, 942 S.W.2d 904 (Ky. 1997) in asserting this claim.

---
[1] T. Richards, C. Richards, Merembloom, Scalzitti, C. Royce and J. Royce are the only remaining contract holders.

*Tile House* is inapplicable to the contract holders' claims as they have failed to avail themselves of the legal remedy provided in their purchase agreements. *See Bolen v. Bolen,* 169 S.W.3d 59 (Ky.App. 2005)(stating that a court should not resort to equitable remedies when adequate legal remedies are available, *citing Wunderlich v.Scott*, 46 S.W.2d 753, 755 (1932)). For eight years, the contract holders have failed to seek the return of their deposits under the terms of their contracts. No further consideration need be given to these claims. The contract holders have no right to leapfrog over PNC Bank for these funds.

Therefore, the motion of the contract holders for leave to file a supplemental brief will be granted and the PNC Bank's motion for partial summary judgment on the counterclaims for equitable liens will be granted by separate order of the court.

**IT IS SO ORDERED**.

November 2, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**