UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


PNC BANK, NATIONAL ASSOCIATION                                    PLAINTIFF


v.                                              CIVIL ACTION NO. 3:13-CV-297-CRS


SEMINARY WOODS, LLC, et al.                                       DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of plaintiff PNC Bank, National Association to dismiss Count IX of the First Amended Complaint of Seminary Woods, LLC, Seminary Woods Condominiums Council of Co-Owners, LLC, Whittington Realty Partners, LLC, Norman E. Risen, and Anna J. Risen (referred to herein as the "Risen Parties").[1]

Count IX of the Risen Parties' Amended Counterclaim seeks imposition of an equitable lien on the mortgaged property superior to the interest of PNC to the extent of (1) their expenditure of personal funds prior to the recording of the mortgage, and (2) interests held by purchase contract holders assigned to Whittington Realty Partners, LLC or Norm Risen in exchange for the return of purchase deposits.

To the extend the Risen Parties expended funds on their project prior to the recording of the mortgage by PNC, they conveyed to PNC all "right, title and interest in and to . . . [a]ll interests, estates or other claims, both in law and in equity, which Mortgagor now has or may

---

[1] Other individuals formerly included among the "Risen Parties," Kent E. Risen, Marc H. Risen, Linda Risen, Ronald Wise, and Jennifer S. Wise have resolved their claims.

hereafter acquire in the Mortgaged Property. . ." to secure payment of the Note.  DN 1-18, PageID# 140.

As the above-cited provision also operates to convey to PNC any after-acquired interest, it also covers the assigned interests of the purchase contract holders which the Risen Parties urge entitle them to equitable liens.  However, such an assignment of rights by purchase contract holders is prohibited by the terms of the Loan Agreement which provides that "Borrower shall not permit any purchaser to assign its agreement to purchase a Unit. . . . and any assignment attempted without the prior written consent of the Lender shall be null and void."  DN 1-16, PageID# 66.  As there has been no suggestion that PNC gave any such written consent, the assignments of the purchase contract holders' interests which form the basis of the Risen Parties' equitable lien claims are void by operation of the terms of the Loan Agreement.

In any event, Seminary Woods and the Guarantors released PNC from "any liability on account of any and all claims, demands, actions, or causes of action, whether in law or in equity or otherwise. . ."  DN 1-32, PageID# 323.  There is simply no valid claim by the Risen Parties for imposition of equitable liens in this case.

Therefore, the motion of PNC Bank to dismiss Count IX of the Risen Parties' First Amended Counterclaim (DN 255) will be granted by separate order of the court.

**IT IS SO ORDERED**.

November 2, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**